ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 2 0 2017
CLERK, U.S. DISTRICT COURT
By _____ Deputy

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ELSTON NATIONWIDE, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00792 |
| CALL US LOGISTICS, INC., | § | |
| Defendant. | § | |

## REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT

TO KAREN MITCHELL, CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NOTHERN DISTRICT OF TEXAS:

COMES NOW, Plaintiff ELSTON NATIONWIDE, ("Plaintiff") and files this Request for Clerk's Entry of Default against Defendant Call US Logistics, Inc. ("Defendant'), and would respectfully show the following:

1. This Request is supported by the Affidavit of Colleen McCoy, attorney for Plaintiff ("McCoy's Affidavit"), which is attached and fully incorporated herein as Exhibit A.

2. Plaintiff commenced this lawsuit by filing its Complaint on October 2, 2017. A true and correct copy of the Complaint is attached as Exhibit "A-1" to McCoy's Affidavit and is fully incorporated herein.

3. The Defendant was served with process by delivering a copy of the Summons and Complaint to David L. Quade, its Chief Executive Officer, registered agent for process. A true and correct copy of the Declaration of Service is attached as Exhibit "A-2" to McCoy's Affidavit and is fully incorporated herein.

4. The Defendant is a private entity and not an incompetent, infant, person currently in military service, or any officer or agency of the United States.

5. Service of process was executed on October 10, 2017, so Defendant had until October 30, 2017 to file its Answer. On the date of this Request, Defendant still has not filed an Answer, a motion under Fed. R. Civ. P. 12(b) or 56, or otherwise defended this lawsuit. A true and correct copy of today's PACER docket is attached as Exhibit "A-3" to McCoy's Affidavit and is fully incorporated herein.

6. Plaintiff hereby requests that the Clerk enter a default against Defendant in accordance with Fed. R. Civ. P. 55(b)(1).

WHEREFORE, PREMISES CONSIDERED the Plaintiff requests that the Clerk enter a default against Defendant.

Respectfully submitted,

By: _____
COLLEEN McCOY
State Bar No. 24027492
colleen.mccoy@sargentlawtx.com

SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELSTON NATIONWIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00792 |
| | § | |
| CALL US LOGISTICS, INC., | § | |
| Defendant. | § | |

## AFFIDAVIT OF COLLEEN MCCOY

**BEFORE ME**, the undersigned authority, on this date personally appeared **COLLEEN MCCOY** who is personally known to me to be the person whose name is subscribed hereto, after being first duly sworn by me, upon her oath stated as follows:

1. "My name is Colleen McCoy. I am over the age of twenty-one years, have never been convicted of a felony or crime involving moral turpitude, and am otherwise fully competent to make this Affidavit. I have personal knowledge of all the facts stated herein, and they are true and correct.

2. I am an officer and associate with the law firm of Sargent Law, P.C., and I represent Elston Nationwide, the Plaintiff in the above-styled and numbered cause (the "Plaintiff").

3. The Plaintiff commenced this lawsuit by filing this Complaint of October 2, 2017. A true and correct copy of the Complaint is attached as Exhibit "A-1" and is fully incorporated herein.

4. Call US Logistics, Inc. ("Defendant") was served with process by delivering a copy of the Summons and Complaint to David L. Quade, Chief Executive Officer, its registered agent for service of process. A true and correct copy of the Return of Service is attached as Exhibit "A-2" and is fully incorporated herein.

5. As of this date, this firm has not received any answer, motion under Fed. R. Civ. P. 12(b) or 56, or other document from Defendant indicating an intention to defend this lawsuit. As of this date, the PACER docket sheet does not reflect any filings by the Defendant that could be construed as an answer, motion under Fed. R. Civ. P. 12(b) or 56, or other document intended to defend this lawsuit. A true and correct copy of today's PACER docket report is attached as Exhibit "A-3" and is fully incorporated herein.

Further Affiant Saith Not.

_____
**COLLEEN MCCOY**

**SWORN TO AND SUBSCRIBED** before me on this 16th day of November, 2017, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

SUSAN GOODMAN
MY COMMISSION EXPIRES
February 26, 2018

My Commission Expires:

2/26/2018

AFFIDAVIT OF COLLEEN MCCOY
#1992168

Page 2 of 2

# EXHIBIT A-1

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELSTON NATIONWIDE, | § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. |
| CALL US LOGISTICS, INC., Defendant. | § § § | |

## ORIGINAL COMPLAINT

COMES NOW, Plaintiff ELSTON NATIONWIDE, (hereinafter "Plaintiff"), on its own behalf and on behalf of all others having any interest in the cargo referred to herein, and alleges:

### GENERAL ALLEGATIONS

1. This Court has jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1337, with respect to the first cause of action in that it arises out of issues of interstate commerce under the laws or treatises of the United States with an amount in dispute exceeding $10,000, exclusive of interest and costs. Plaintiff respectfully requests this Court to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the second and third causes of action.

2. Plaintiff is, and at and all material times herein was and is a duly organized Texas corporation with its principle place of business in Bedford, Tarrant County, Texas.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant Call US Logistics, Inc., (hereinafter 'Defendant") is, and at all material times herein, was a Minnesota corporation with its principle place of business located at 905 1st Street, Newport, MN 55055. Defendant does not have a registered agent in Texas for service of process. The Defendant can be served with process by serving its Chief Executive Officer, David L. Quade at the

Defendant's principle place of business, 905 1st Street, Newport, MN 55055 or anywhere he may be found.

4. At all times material herein, Defendant was providing transportation services to their customers, *inter alios*, Plaintiff.

5. Defendant is subject to the jurisdiction of the Court, pursuant to the written agreement (hereinafter "Transportation Services Agreement") between Plaintiff and Defendant, with an effective date of August 2, 2016.

## FIRST CAUSE OF ACTION

6. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1-5, inclusive.

7. On or about August 9, 2017, Plaintiff nominated the Defendant to transport cargo consisting of 180 cases of Perderson's Natural Farm bacon (hereinafter the "Cargo"). The Defendant picked up the cargo in Hamilton, Texas and delivered to Whole Foods Market – Pacific Northwest Region in Seattle, Washington. Defendant agreed or otherwise as a matter of law was charged, for good and valuable consideration, to undertake physical transportation of the Cargo from Hamilton, Texas and deliver the Cargo in the same good order and condition in which the Defendant received the Cargo.

8. The Cargo was duly tendered in its entirety to the Defendant in good order and condition. However, the Defendant failed to deliver the Cargo to its destination in the same good order and condition in which it was received. The refrigeration unit on the Defendant's tractor malfunctioned in transit causing the Cargo to be compromised. The Cargo was rejected by the purchaser, Whole Foods Market because the temperature of the product on delivery was outside the acceptable range.

9. The Defendant's obligation of interstate transportation of the Cargo is, and at all material times herein was, governed by the Carmack Amendment, 49 U.S.C. § 14706, *et seq.* ("Carmack"), under which the Defendant owed the highest degree of care in relation to the Cargo. In failing to deliver the Cargo in the same order and condition received, the Defendant breached its statutory obligation under the Carmack Amendment.

10. All rights to recover under the Carmack Amendment or otherwise by the shipper/owner of the Cargo have been assigned to Plaintiff.

11. As a direct and proximate result of the Defendant's acts and omissions, damages were incurred by Plaintiff, or by others upon whose behalf Plaintiff acts, in the sum not less than $16,653.48.

## SECOND CAUSE OF ACTION
### LIABILITY OF DEFENDANT FOR BREACH OF CONTRACT

12. Plaintiff hereby incorporates paragraphs 1 through 11, inclusive, of its complaint, as though fully set forth.

13. On August 3, 2016, Alen Santoli, as an authorized representative of Defendant, executed the Transportation Services Agreement between Plaintiff and Defendant, with an effective date of August 3, 2016.

14. On or about August 9, 2017, Defendant, by and through Alen Santoli or some other agent, employee, or representative for Call US, agreed to transport the Cargo from Hamilton, Texas to Seattle, Washington, and to care for, protect, handle, transport, discharge and deliver the Cargo under specified terms and conditions, more specifically set forth in the Transportation Services Agreement.

15. However, in violation of the Transportation Services Agreement, Defendant breached express representation and warranty that ... "(iii) [a]ll motor vehicle equipment

provided by the Carrier for the transportation of food grade product will comply with the requirements for the Sanitary Transportation of Human and Animal Food under the FSMA," and in violation covenant to comply with law; Food Safety Modernization Act of 2011, wherein Defendant shall ensure that the vehicles and equipment used for transport prevent the food contained in the shipment from becoming unsafe during the transportation operation, as the refrigeration unit on the trailer malfunctioned during transit causing spoliation of the Cargo.

16. The Cargo was compromised/spoiled while it was under the care, custody and control of the Defendant, which loss was itself a breach of the Transportation Services Agreement.

17. Pursuant to the Transportation Services Agreement, Defendant agreed to indemnify and hold harmless Plaintiff from all loss (including attorney's fees) resulting from or occurring in connection with: (a) "From any and all claims, losses, asserted liabilities, damages, exemplary damages, causes of action whether arising out of tort or contract, including, but not limited to, any claims allegedly arising out of the negligence of any one of the indemnities; and (b) any breach of this Agreement."

18. Defendant further breached the Transportation Service Agreement by failing to pay the value of the Cargo despite the Plaintiff's demand for same.

19. As a direct and proximate result of the Defendant's breaches of the Transportation Services Agreement, damages were incurred by Plaintiff, or by others upon whose behalf Plaintiff acts, in the sum of not less than $16,653.48.

### THIRD CAUSE OF ACTION
#### LIABILITY OF DEFENDANT FOR NEGLIGENCE

20. Plaintiff hereby incorporates paragraphs 1-19, inclusive, of its complaint, as though fully set forth.

21. The Defendant agreed to transport the Cargo from Hamilton, Texas to Seattle, Washington. In agreeing to perform the transportation, the Defendant undertook the duty and to care for, protect, handle, transport, discharge and deliver the Cargo in the same good order and condition as when the Defendant received the same.

22. The Defendant received the Cargo in good order and condition. But, the Defendant breached the aforementioned duty of care by failing and neglecting to deliver the Cargo in the same good order and condition as when the Defendant received the same. To the contrary, the Cargo was compromised/spoiled while it was in the care, custody, and control of the Defendant prior to delivery.

23. By reason of the foregoing breach, damages were incurred by Plaintiff, or by others upon whose behalf Plaintiff acts, in the sum of not less than $16,653.48.

## FOURTH CAUSE OF ACTION
### FRAUD

24. Plaintiff hereby incorporates paragraphs 1- 23, inclusive, of its complaint, as though fully set forth.

25. The Defendant produced and/or caused to be produced to Plaintiff reefer download for unit # 4267, Model # NDL93SN0AB, Serial # KAW90916121, for the period in question that were manipulated to show that the refrigerated temperatures were in compliance. Defendant's driver had informed Defendant that the reefer unit had malfunctioned during transit compromising the Cargo. The reefer downloads provided by Defendant are not in conformity with the reefer download provided by Carrier Transicold dealership ("Transicold"), for the subject load. The Transicold reefer download for the subject load shows that the reefer unit malfunctioned for approximately 11 hours with recorded temperatures far outside the safe and acceptable range.

26. The Defendant made false representation to Plaintiff when it produced reefer download reports that had been manipulated to show that refrigerated temperatures were in compliance during transport, when in fact the refrigerated temperatures were outside the safe and acceptable range for a period of approximately 11 hours when the reefer unit malfunctioned. This representation was material and was false. The Defendant knew this representation was false when made. The Defendant made the false representation with the intent that Plaintiff act on it. The false representation caused the Plaintiff injury, for which it sues herein for direct, consequential and exemplary damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to answer and appear and that after consideration of these claims, the Court award a judgment to Plaintiff against Defendant for all amounts due and owing it from Defendant, statutory or punitive damages as allowed by law, reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest to the maximum extent allowed by law, costs and all such other and further relief, both general and special, at law and in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**SARGENT LAW, P.C.**

By: */s/ Colleen McCoy*
COLLEEN McCOY
State Bar No. 24027492
colleen.mccoy@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A-2

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* CALL US LOGISTICS, INC.
was received by me on *(date)* 10/9/17.

☒ I personally served the summons on the individual at *(place)* 905 FIRST STREET, NEWPORT, MN 55055 on *(date)* 10/10/17 2:38 P.M.; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there, on *(date)* _____, and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* JOHN JOHNSON, who is designated by law to accept service of process on behalf of *(name of organization)* CALL US LOGISTICS, INC. on *(date)* 10/10/17 2:38 PM; or

☐ I returned the summons unexecuted because _____; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 10/10/17

_____
Server's signature

CHRIS F. MARTIN
Printed name and title

8014 HIGHWAY 55, 504, MINNEAPOLIS, MN. 55427
Server's address

Additional information regarding attempted service, etc:

# EXHIBIT A-3

**4:17-cv-00792-A** Elston Nationwide v. Call US Logistics, Inc.
John McBryde, presiding
**Date filed:** 10/02/2017
**Date of last filing:** 10/16/2017

# History

| Doc. No. | Dates | Description |
|---|---|---|
| 1 | *Filed & Entered:* 10/02/2017 | Complaint |
| 2 | *Filed & Entered:* 10/02/2017 | Judge McBryde |
| 3 | *Filed & Entered:* 10/02/2017 | Paper Case Designation Order |
| 4 | *Filed & Entered:* 10/02/2017 | Cert. Of Interested Persons/Disclosure Statement |
| 5 | *Filed & Entered:* 10/05/2017 | Notice (Other) |
| 6 | *Filed & Entered:* 10/06/2017 | Summons Issued |
| 7 | *Filed & Entered:* 10/13/2017 *Terminated:* 10/16/2017 | Certificate of Service |
| 8 | *Filed & Entered:* 10/16/2017 | Order Unfiling Pleading |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/16/2017 10:12:20 | | | |
| **PACER Login:** | Attycolvin:3246768:0 | **Client Code:** | 1481.5 |
| **Description:** | History/Documents | **Search Criteria:** | 4:17-cv-00792-A |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |