IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 30 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| ELSTON NATIONWIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-cv-792-A |
| | § | |
| CALL US LOGISTICS, INC., | § | |
| Defendant. | § | |

## MOTION FOR ENTRY OF
## DEFAULT JUDGMENT AND BRIEF IN SUPPORT

TO THE HONRABLE JOHN MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff ELSTON NATIONWIDE, ("Plaintiff") and files this Motion for

Entry of Default Judgment, and would respectfully show the Court as follows:

### FACTS AND PROCEDURAL HISTORY

1.       This Motion is supported by the Affidavit of Colleen McCoy ("Plaintiff's

Affidavit"), which is attached and fully incorporated herein as Exhibit A.

2.       On October 2, 2017, Plaintiff initiated Civil Action No. 4:17-cv-00792, styled

*Elston Nationwide v. Call US Logistics, Inc.* Plaintiff's Affidavit, Exhibit A at para 2. *See also*

Exhibit A-1, attached hereto.

3.       Defendant Call US Logistics, Inc., (hereinafter 'Defendant"), was served with

process by delivering a copy of the Summons and Complaint at the Defendant's principle place

of business, 905 1st Street, Newport, MN 55055. A true and correct copy of the Declaration of

Service is attached to the Plaintiff's Affidavit as Exhibit A-2 and is fully incorporated herein

('Declaration of Service').

4.     The Defendant is a private entity and not an incompetent, infant, person currently in military service, or any officer or agency of the United States. *Id.* at para 4.

5.     Service of process was executed on October 10, 2017, so Defendant had until October 30, 2017 to file its Answer. *Declaration of Service,* Exhibit A-2, to *Plaintiff's Affidavit.* As of this date, Defendant still has not filed an Answer, a motion under Fed. R. Civ. P. 12(b) or 56, or otherwise defended this lawsuit. *Plaintiff's Affidavit,* Exhibit A at para 5.

6.     The Clerk of this Court entered Defendant's default into the record on November 27, 2017 in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure. *Id.* at para 6. A true and correct copy of the Clerk's Entry of Default is attached to Plaintiff's Affidavit as Exhibit A-3, to *Plaintiff's Affidavit,* and is fully incorporated herein.

## II. ARGUMENT AND AUTHORITIES

7.     A District Court may enter a final judgment by default. Fed. R. Civ. P. 55(b)(2). A trial court has discretion in determining the most appropriate method of determining the amount of damages for a default judgment. *Id.* It is not necessary to hold an evidentiary hearing to determine damages in a default situation. *See, e.g., Leedo Cabinetry v. James Sales & Distrib., Inc.,* 157 F.3d 410, 414 (5th Cir. 1998). The use of affidavits to prove damages is widely accepted method for awarding damages in a default judgment. *Chemtall, Inc. v. Citi-Chem, Inc.,* 992 F. supp. 1390, 1412 (S.D. Ga. 1998). The District Court's ruling on damages in a default situation without an evidentiary hearing is reviewed only for abuse of discretion. *Leedo Cabinetry,* 157 F.3d at 414.

8.     In the case at bar, the amount of damages is measured by the dollar value of the cargo that was compromised in transit by Defendant and rejected by the purchaser because the temperature of the product on delivery (perishable food product for human consumption) was

outside the acceptable range. Plaintiff is entitled to relief under the Carmack Admendment, 49 U.S.C. sec. 14706, *et seq.* by establishing that the cargo, tendered to the Defendant in good order and condition, was compromised in transit while in the control of Defendant when the Defendant's refrigerated unit malfunctioned and the cargo on delivery by the Defendant to the purchaser was rejected by the purchaser because the temperature of the product on delivery was outside the acceptable range. The Defendant driver sent an electronic communication to the dispatcher informing that the refrigerated unit on his trailer had malfunctioned and the cargo (perishable food for human consumption), had been rejected at time of delivery because the temperature of the cargo was outside the acceptable range. *Plaintiff's Affidavit,* Exhibit A at para 7. The damages suffered by Plaintiff are easily ascertainable and totals $16,653.48. *Plaintiff's Affidavit,* Exhibit A at para 8; *see also* Exhibit A-4 to *Plaintiff's Affidavit.*

9.     Upon final judgment of this matter, the Plaintiff is entitled to recover its' damages. The legal and factual bases for liability are set forth above and fully supported by the Plaintiff's Affidavit and accompanying exhibits. Therefore, no evidentiary hearing is necessary to determine damages to be awarded against the Defendant in this case. *Leedo Cabinetry,* 157 F.3d at 414.

### III. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that the Court enter a final default judgment against Defendant for $16,653.48, plus pre- and post-judgment interest at the rate provided by law, as well as applicable costs.

Respectfully submitted,

By: _____

**COLLEEN McCOY**
State Bar No. 24027492
colleen.mccoy@sargentlawtx.com

SARGENT LAW, P.C.
1717 Main Street, Suite 4750
Dallas, Texas  75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ELSTON NATIONWIDE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:17-CV-00792** |
| | § | |
| **CALL US LOGISTICS, INC.,** | § | |
| **Defendant.** | § | |

### AFFIDAVIT OF COLLEEN MCCOY

TO THE HONRABLE JOHN MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, Colleen McCoy, counsel of record for Plaintiff ELSTON NATIONWIDE, ("Plaintiff") and files this Motion for Entry of Default Judgment, Combined with Brief in Support, and would respectfully show the Court as follows:

### I.
#### FACTS AND PROCEDURAL HISTORY

Before me, the undersigned authority, on this date personally appeared **Colleen McCoy** who is personally known to me to be the person whose name is subscribed hereto, after being first duly sworn by me, upon her oath stated as follows:

1.     My name is Colleen McCoy.  I am over the age of twenty-one years, have never been convicted of a felony or crime involving moral turpitude, and am otherwise fully competent to make this Affidavit.  I have personal knowledge of all the facts stated herein, and they are true and correct.  Those records were made at or near the time by, or from information transmitted by, a person with knowledge; were kept in the course of Elston Nationwide's ("Elston"), records concerning the matters addressed in this Affidavit.

2.     On October 2, 2017, Elston initiated Civil Action No. 4:17-CV-00792, styled *Elston Nationwide v. Call US Logistics, Inc.*. A true and correct copy of the Complaint is attached as Exhibit "A-1" and is fully incorporated herein.

3.     Call US Logistics, Inc. ("Defendant") was served with process by delivering a copy of the Summons and Complaint. A true and correct copy of the Declaration of Service is attached to McCoy's Affidavit as Exhibit "A-2" and is fully incorporated herein.

4.     The Defendant is a private entity and not an incompetent, infant, person currently in military service, or any officer or agency of the United States.

5.     Service of Process was executed on October 10, 2017, so Defendant had until October 30, 2017, to file its Answer. As of this date, Defendant still has not filed and Answer, a motion under Fed. R. Civ. P. 12(b) or 56, or other document intended to defend this lawsuit.

6.     The Clerk of this Court entered Defendant's default into the record on November 27, 2017 in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure. A true and correct copy of the Clerk's Entry of Default is attached to this Affidavit as A-3 and fully incorporated herein.

7.     The Plaintiff seeks relief and is entitled to relief requested under Carmack Amendment, 49 U.S.C. sec. 14706, *et seq.* The Plaintiff tendered cargo, perishable food product for human consumption, that was compromised in transit while in the control of Defendant when the Defendant's refrigerated unit malfunctioned causing the temperature to fall outside acceptable range and the cargo was rejected at time of the delivery because the temperature of the product on delivery was outside the acceptable temperature range. The product when picked-up by the Defendant was tendered in good order and condition. Attached hereto in support of said facts, are true and correct documents that were maintained in the course of Plaintiff's business:  Exhibit A-4 Loss & Damage Claim; Exhibit A-5 Bill of Lading with rejection of cargo because the cargo temperature was outside acceptable range; Exhibit A-6 electronic communication from Defendant's driver to dispatcher informing that the refrigerated unit on his trailer malfunctioned and that the cargo was being rejected because it was outside the acceptable temperature range.

8.     The damages suffered by Elston are easily ascertainable and total $16,653.48. *See* Exhibit A-4.

Further Affiant Saith Not.

**COLLEEN MCCOY**

**SWORN TO AND SUBSCRIBED** before me on this 28th day of November, 2017, to certify which witness my hand and official seal.

Notary Public, State of Texas

SUSAN GOODMAN
MY COMMISSION EXPIRES
February 26, 2018

My Commission Expires:

02/26/2018

# EXHIBIT A-1

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ELSTON NATIONWIDE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CALL US LOGISTICS, INC.,** | § | |
| **Defendant.** | § | |

### ORIGINAL COMPLAINT

COMES NOW, Plaintiff ELSTON NATIONWIDE, (hereinafter "Plaintiff"), on its own behalf and on behalf of all others having any interest in the cargo referred to herein, and alleges:

### GENERAL ALLEGATIONS

1.      This Court has jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1337, with respect to the first cause of action in that it arises out of issues of interstate commerce under the laws or treatises of the United States with an amount in dispute exceeding $10,000, exclusive of interest and costs.   Plaintiff respectfully requests this Court to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the second and third causes of action.

2.      Plaintiff is, and at and all material times herein was and is a duly organized Texas corporation with its principle place of business in Bedford, Tarrant County, Texas.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant Call US Logistics, Inc., (hereinafter 'Defendant") is, and at all material times herein, was a Minnesota corporation with its principle place of business located at 905 1st Street, Newport, MN 55055. Defendant does not have a registered agent in Texas for service of process. The Defendant can be served with process by serving its Chief Executive Officer, David L. Quade at the

Defendant's principle place of business, 905 1st Street, Newport, MN 55055 or anywhere he may be found.

4.      At all times material herein, Defendant was providing transportation services to their customers, *inter alios*, Plaintiff.

5.      Defendant is subject to the jurisdiction of the Court, pursuant to the written agreement (hereinafter "Transportation Services Agreement") between Plaintiff and Defendant, with an effective date of August 2, 2016.

## FIRST CAUSE OF ACTION

6.      Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation contained in paragraphs 1-5, inclusive.

7.      On or about August 9, 2017, Plaintiff nominated the Defendant to transport cargo consisting of 180 cases of Perderson's Natural Farm bacon (hereinafter the "Cargo"). The Defendant picked up the cargo in Hamilton, Texas and delivered to Whole Foods Market – Pacific Northwest Region in Seattle, Washington. Defendant agreed or otherwise as a matter of law was charged, for good and valuable consideration, to undertake physical transportation of the Cargo from Hamilton, Texas and deliver the Cargo in the same good order and condition in which the Defendant received the Cargo.

8.      The Cargo was duly tendered in its entirety to the Defendant in good order and condition. However, the Defendant failed to deliver the Cargo to its destination in the same good order and condition in which it was received. The refrigeration unit on the Defendant's tractor malfunctioned in transit causing the Cargo to be compromised. The Cargo was rejected by the purchaser, Whole Foods Market because the temperature of the product on delivery was outside the acceptable range.

9.      The Defendant's obligation of interstate transportation of the Cargo is, and at all material times herein was, governed by the Carmack Amendment, 49 U.S.C. § 14706, *et seq.* ("Carmack"), under which the Defendant owed the highest degree of care in relation to the Cargo.  In failing to deliver the Cargo in the same order and condition received, the Defendant breached its statutory obligation under the Carmack Amendment.

10.     All rights to recover under the Carmack Amendment or otherwise by the shipper/owner of the Cargo have been assigned to Plaintiff.

11.     As a direct and proximate result of the Defendant's acts and omissions, damages were incurred by Plaintiff, or by others upon whose behalf Plaintiff acts, in the sum not less than $16,653.48.

### SECOND CAUSE OF ACTION
### LIABILITY OF DEFENDANT FOR BREACH OF CONTRACT

12.     Plaintiff hereby incorporates paragraphs 1 through 11, inclusive, of its complaint, as though fully set forth.

13.     On August 3, 2016, Alen Santoli, as an authorized representative of Defendant, executed the Transportation Services Agreement between Plaintiff and Defendant, with an effective date of August 3, 2016.

14.     On or about August 9, 2017, Defendant, by and through Alen Santoli or some other agent, employee, or representative for Call US, agreed to transport the Cargo from Hamilton, Texas to Seattle, Washington, and to care for, protect, handle, transport, discharge and deliver the Cargo under specified terms and conditions, more specifically set forth in the Transportation Services Agreement.

15.     However, in violation of the Transportation Services Agreement, Defendant breached express representation and warranty that … "(iii) [a]ll motor vehicle equipment

provided by the Carrier for the transportation of food grade product will comply with the requirements for the Sanitary Transportation of Human and Animal Food under the FSMA," and in violation covenant to comply with law; Food Safety Modernization Act of 2011, wherein Defendant shall ensure that the vehicles and equipment used for transport prevent the food contained in the shipment from becoming unsafe during the transportation operation, as the refrigeration unit on the trailer malfunctioned during transit causing spoliation of the Cargo.

16.     The Cargo was compromised/spoiled while it was under the care, custody and control of the Defendant, which loss was itself a breach of the Transportation Services Agreement.

17.     Pursuant to the Transportation Services Agreement, Defendant agreed to indemnify and hold harmless Plaintiff from all loss (including attorney's fees) resulting from or occurring in connection with: (a) "From any and all claims, losses, asserted liabilities, damages, exemplary damages, causes of action whether arising out of tort or contract, including, but not limited to, any claims allegedly arising out of the negligence of any one of the indemnities; and (b) any breach of this Agreement."

18.     Defendant further breached the Transportation Service Agreement by failing to pay the value of the Cargo despite the Plaintiff's demand for same.

19.     As a direct and proximate result of the Defendant's breaches of the Transportation Services Agreement, damages were incurred by Plaintiff, or by others upon whose behalf Plaintiff acts, in the sum of not less than $16,653.48.

### THIRD CAUSE OF ACTION
### LIABILITY OF DEFENDANT FOR NEGLIGENCE

20.     Plaintiff hereby incorporates paragraphs 1-19, inclusive, of its complaint, as though fully set forth.

21.     The Defendant agreed to transport the Cargo from Hamilton, Texas to Seattle, Washington.  In agreeing to perform the transportation, the Defendant undertook the duty and to care for, protect, handle, transport, discharge and deliver the Cargo in the same good order and condition as when the Defendant received the same.

22.     The Defendant received the Cargo in good order and condition.  But, the Defendant breached the aforementioned duty of care by failing and neglecting to deliver the Cargo in the same good order and condition as when the Defendant received the same.  To the contrary, the Cargo was compromised/spoiled while it was in the care, custody, and control of the Defendant prior to delivery.

23.     By reason of the foregoing breach, damages were incurred by Plaintiff, or by others upon whose behalf Plaintiff acts, in the sum of not less than $16,653.48.

### FOURTH CAUSE OF ACTION
### FRAUD

24.     Plaintiff hereby incorporates paragraphs 1- 23, inclusive, of its complaint, as though fully set forth.

25.     The Defendant produced and/or caused to be produced to Plaintiff reefer download for unit # 4267, Model # NDL93SN0AB, Serial # KAW90916121, for the period in question that were manipulated to show that the refrigerated temperatures were in compliance. Defendant's driver had informed Defendant that the reefer unit had malfunctioned during transit compromising the Cargo.  The reefer downloads provided by Defendant are not in conformity with the reefer download provided by Carrier Transicold dealership ("Transicold"), for the subject load.  The Transicold reefer download for the subject load shows that the reefer unit malfunctioned for approximately 11 hours with recorded temperatures far outside the safe and acceptable range.

26.    The Defendant made false representation to Plaintiff when it produced reefer download reports that had been manipulated to show that refrigerated temperatures were in compliance during transport, when in fact the refrigerated temperatures were outside the safe and acceptable range for a period of approximately 11 hours when the reefer unit malfunctioned. This representation was material and was false. The Defendant knew this representation was false when made. The Defendant made the false representation with the intent that Plaintiff act on it. The false representation caused the Plaintiff injury, for which it sues herein for direct, consequential and exemplary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendant be cited to answer and appear and that after consideration of these claims, the Court award a judgment to Plaintiff against Defendant for all amounts due and owing it from Defendant, statutory or punitive damages as allowed by law, reasonable and necessary attorneys' fees, pre-judgment and post-judgment interest to the maximum extent allowed by law, costs and all such other and further relief, both general and special, at law and in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**SARGENT LAW, P.C.**

By:    */s/ Colleen McCoy*
       **COLLEEN McCOY**
       State Bar No. 24027492
       colleen.mccoy@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A-2

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for (name of individual and title, if any) CALL US LOGISTICS, INC.
was received by me on (date) 10/9/17 .

☒ I personally served the summons on the individual at (place) 905 FIRST STREET,
NEWPORT, MN 55055                             on (date) 10/10/17 ; or
                                                                2:38 P.M.

☐ I left the summons at the individual's residence or usual place of abode with (name) _____
_____ , a person of suitable age and discretion who resides there,
on (date) _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on (name of individual) JOHN JOHNSON , who is
designated by law to accept service of process on behalf of (name of organization) CALL US LOGISTICS,
INC.                                            on (date) 10/10/17 ; or
                                                                2:38 P.M.

☐ I returned the summons unexecuted because _____ ; or

☐ Other (specify):

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 10/10/17

_____
Server's signature

CHRIS F. MARTIN
Printed name and title

8014 HIGHWAY 55, 504, MINNEAPOLIS, MN.
Server's address                                            55427

Additional information regarding attempted service, etc:

# EXHIBIT A-3

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
            FILED

      NOV 2 7 2017

CLERK, U.S. DISTRICT COURT
By_____
            Deputy
```

| | | |
|---|---|---|
| ELSTON NATIONWIDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-00792-A |
| | § | |
| CALL US LOGISTICS, INC., | § | |
| Defendant. | § | |

## CLERK'S ENTRY OF DEFAULT

Colleen McCoy, attorney for Elston Nationwide, Plaintiff in the above-styled cause
("Plaintiff"), has requested that the Clerk enter default against Call US Logistics, Inc.
("Defendant") pursuant to Fed. R. Civ. P. 55 (b)(1).  Having received the record and the
Affidavit of Colleen McCoy, it is apparent that Defendant has failed to file an answer, motion
under Fed. R. Civ. P. 12(b) or 56, or otherwise defend this cause.  Accordingly, Defendant's
default is hereby entered according to Fed. R. Civ. P. 55(a).

> KAREN MITCHELL, CLERK OF THE UNITED
> STATES DISTRICT COURT FOR THE
> NORTHERN DISTRICT OF TEXAS
>
> By: *Heather Arnold*
> Deputy Clerk

*After entry please return*
*A conformed copy to:*

Colleen McCoy
Sargent Law, P.C.
1717 Main Street, Ste. 4750
Dallas, Texas 75201
Fax: (214) 749-6708

AFFIDAVIT OF COLLEEN MCCOY
#1992168

Page 1 of 1

# EXHIBIT A-4

# Loss and Damage Claim

Presentation Date: 8/25/2017

| Company: | Pederson |
| --- | --- |

| Claimant Claim ID: | 0177014-C |
| --- | --- |

Claim is hereby filed with the below carrier for:

| Call US Logistics |
| --- |
| Freight Bill (Pro) Number: |

**Claimant**

| Presented on Behalf of: | |
| --- | --- |
| Address: | Pedersons |
| | 1207 S Rice ST |
| | Hamilton TX 76531 |
| Contact: | Dwight Tiedemann |
| Phone: | 817-427-1955 |
| Shipment Date: | 8/9/2017 |
| Delivery Date: | 8/17/2017 |

| Carrier: | Call US Logistics |
| --- | --- |
| | PO Box 42 |
| | St Paul Park, MN 55071 |

| Carrier Claim ID: | 43685 |
| --- | --- |
| Carrier BOL | 44145 |
| Carrier BOL Date: | 8/9/2017 |

| Shipper: | Pedersons |
| --- | --- |
| | 1207 S Rice ST |
| | Hamilton TX 76531 |
| | |

| Point Shipped From: | Hamilton TX |
| --- | --- |
| Consignee: | Whole Foods |
| Destination: | Seattle WA |
| | |

## Detailed Statement Showing How Claim Amount is Determined
### Product, Description, Cost and Amount of Articles

| Product ID | Product Description | Quantity | Cost | Line Total |
| --- | --- | --- | --- | --- |
| 3220 | UC Apple SM BACON Shingled | 180 | $4.30 | $16,157.98 |
| | Temp Recorder | 2 | $11.75 | $23.50 |
| Disposal | Product needed to be destroyed | 1 | $472.00 | $472.00 |
| | | | Discount (-) | |
| | | | Freight Charges (+) | |
| | | | Misc Charges (+) | |
| Currency shown in US DOLLAR (USD) | | | Total Claim Amount | $16,653.48 |

### Supporting Documentation Enclosed

| | O S & D Report | | Copy of Paid Frt. Bill | XXXXX | DAMAGE |
| --- | --- | --- | --- | --- | --- |
| XXXX | Copy of Bill of Lading | | Copy of Credit memo | | SHORTAGE |
| XXXX | Copy of Invoice | XXXX | Other    2 PDF Downloads | XXXXX | OTHER    Comm. |

MAIL CHECKS TO:   Pederson Natural Farms But mail to Elston Nationwide

| Reefer unit quit during the night based on Drivers statement and product was rejected |
| --- |

## RETURN BOTTOM WITH REMITTANCE

| Claim Amount | $16,653.48 | Preparer's Name | Dwight Tiedemann |
| --- | --- | --- | --- |
| Claim Number | 177014-C | | |
| Claim Date | 8/25/2017 | Signature: | *Dwight Tiedemann* |
| Reference Number | 44145 | | |

Claims must be acknowledged in writing within (30) days from receipt.



**Pederson Natural Farms, INC.**
1207 S. Rice
Hamilton, TX 76531
Phone: (254) 386-4790
Fax: (254) 386-4794

EST. 19617
Product of the U.S.A.

# INVOICE

| | |
|---|---|
| Invoice No.: | 42110 |
| Date: | 08/09/17 |
| Order No.: | 43685 |
| Shipper ID: | 1 |
| Customer ID: | 1193 |

| BILL TO | SHIP TO |
|---|---|
| 1193 | |
| **WFM-Pacific Northwest Region** | **WFM-Pacific Northwest Region** |
| 4250 E Marginal Way S | 4250 E Marginal Way S |
| Seattle, WA 98134 | Seattle, WA 98134 |

Page 1

| F.O.B. POINT | ARRIVE DATE | TERMS | ORDERED BY | CUSTOMER P.O. NO. |
|---|---|---|---|---|
| Customer Responsib | 08/17/17 | NET 14 DAYS | Northwest Region Custo | PL00467436 |

| ITEM # | DESCRIPTION | CASES | WEIGHT | PRICE | UM | CASE PRICE | EXT. PRICE |
|---|---|---|---|---|---|---|---|
| TEMPRECORDER | Temp Recorder | 2.000 | | 11.75 | EA | 11.75 | 23.50 |
| | 2.000  062117 | | | | | | |
| 3220 | UC Apple Sm Bacon Shingled | 180.000 | 3,757.670 | 4.30 | CS | 89.77 | 16,157.98 |
| | 11.000  101617 | 169.000  101417 | | | | | |

| TOTAL CASES | TOTAL WEIGHT | TOTAL FREIGHT | INVOICE TOTAL: | $16,181.48 |
|---|---|---|---|---|
| 182.000 | 4,260.410 | | | |
| NO DISCOUNT ALLOWED ON FREIGHT | | | NET INVOICE TOTAL: | $16,181.48 |

# EXHIBIT A-5

**GHT BILL OF LADING - SHORT FORM - Original - Non Negotiable**     PAGE: 1

| SH. ~OM: | 01 | SALES ORDER NO. | DATE | BILL OF LADING NO. |
|---|---|---|---|---|

Pederson's Natural Farms  Inc.
267 COUNTY ROAD 502
Hamilton, TX 76531

| | | SALES ORDER NO. 43685 | DATE 08/09/17 | BILL OF LADING NO. 44154 |

CARRIER           : Elston Nationwide

DEL APPT #       :

FREIGHT TERMS :  Customer Responsible for Freight

ARRIVE DATE   : 08/17/17          ARRIVE TIME :

SHIP TO:                          1193
WFM-Pacific Northwest Region
4250 E Marginal Way S
Seattle, WA 98134

SOLD TO:                                      1193
WFM-Pacific Northwest Region
4250 E Marginal Way S
Seattle, WA 98134

*TRK #164127*

**CUSTOMER PO#: PL00467436**

| ITEM # | DESCRIPTION | QTY | NET WGHT | GROSS WGHT | BOL CLASS |
|---|---|---|---|---|---|
| TEMPRECORDER / TEMPRECORDER | | 2.00 | | | NMFC= |
| Lot#062617 | 2.00   EA | | | | |
| AMBIENT | STORE PRODUCT AT ROOM TEMPERATURE | | | | |
| 3220 / 3220 | UC Apple Sm Bacon Shingled | 180.00 | 3,757.67 | 4,260.41 | NMFC= |
| Lot#041617 | 11.00   CS 101417   169.00 | CS | | | |
| REEFER | MUST BE SHIPPED AND STORED BETWEEN 28 & 34 DEGREES FAHRENHEIT | | | | |

*REJECT DUE TO TEMPTAIL READING*

*x ___*

| # PALLETS: | | TOTALS: 182.00   4,260.41 |

**Special Instructions:**
PEDERSON'S NATURAL FARMS IS A SHIPPER LOAD-CARRIER COUNT FACILITY AND THE DRIVER IS RESPONSIBLE FOR ENSURING THE LOAD IS PROPERLY BLOCKED AND BRACED.   **DO NOT DOUBLE STACK THIS PRODUCT.**

Permanent post office address of shipper
**PEDERSON'S NATURAL FARMS**
1207 South Rice Street
Hamilton, TX 76531
(254) 386-4790

**COD $**

TRAILER #:

SEAL #:

RECEIVED, subject to the classifications and lawfully filed tariffs in effect on the date of the issue of the Bill of Lading, the property described above in apparent good order, except as noted (contents and conditions of contents of packages unknown), marked, consigned, and destined as indicated above which said carrier (the word carrier being understood throughout the contract as meaning any person or corporation in possession of property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination.  It is mutually agreed as to each carrier of all or any of said property, over all or any portion of said property, over all or any portion of said route to destination and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the Bill of Lading terms and conditions in the governing classification on the date of shipment  Shipper hereby certifies that he is familiar with the Bill of Lading terms and conditions in the governing classification and the said terms and conditions are hereby agreed  to by the shipper and accepted for himself and his assigns.

NOTICE:  Freight moving under this Bill of Lading is subject to the classifications and lawfully files tariffs in effect on the date of this Bill of Lading.  This notice supersedes and negates any claimed, alleged or asserted oral or written contract, promise, representation or understanding between the parties with respect to this freight, except to the extent of any written contract which establishes  lawful contract carriage and is signed by the authorized representatives of both parties of the contract.

The signature below is to certify that the material named above meets all requirements of CFR 9.417.5(c) Preshipment Review; are described, packaged, classified, marked, and labeled;  and are otherwise in proper condition for transportation, according to the applicable department of transportation regulations, including regulations pertaining to hazardous materials or substances.

SHIPPER *Blerring*                            CARRIER

PER            DATE *5-1-17*          PER            DATE

# EXHIBIT A-6

| Carrier Offer | Qual Details | Y-Split | Order | Callin | Reconsign | Separate | Reconnect Stop | Mileage | Cash Advance Limit | Extra Pay | ]Route | ]Order Route | /Trip Sheet | Trailer Manifest | Carrier | Carrier History | Coverage | Offer Order | Send Confirmation | Send Message | Unsplit | FindNear | Pallets | Ma |

☑ Loaded
Dispatcher christin
Manifest M001165

☑ Partial  ☑ Authorized
Operations user christin

Loaded at Shipper

Message sent 08/16/2017 0717

**Destination**

| ...ATION | Location | KOOLKEW | KOOL PAK LLC |
| | Zone | 9 | KENT, WA 98032 |
| 1/2017 1030 | Scheduled | 08/17/2017 0900 | Actual |

...ents  Callins  Rate Index  Map  Text Messages

| User | Sender | Recipient | Message |
|------|--------|-----------|---------|
| christin | +19372122188 | +18178648153 | Good morning. At Whole Foods in Seattle. The product was rejected by receiving. My reefer unit broke sometime last night in transit. So the product was out of temp range. Please advise cor... |
| christin | +19372122188 | +18178648153 | Good morning. Alberton, MT. Temp 28??. |
| christin | +18178648153 | +19372122188 | Order #: M001165 COPPELL, TX to KENT, WAGood morning Donovan, can I please get an update on your current location and temp. Thanks, Christina |
| christin | +18178648153 | +19372122188 | Order #: M001165 COPPELL, TX to KENT, WAGood morning Donovan, can I please get your location and temp |